﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200107-52428
DATE: November 30, 2020

ORDER

Entitlement to service connection for an acquired psychiatric disorder, to include unspecified trauma and stressor disorder (claimed as posttraumatic stress disorder (PTSD)) is granted.

FINDING OF FACT

The Veteran’s unspecified trauma and stressor disorder is related to service. 

CONCLUSION OF LAW

The criteria for service connection for unspecified trauma and stressor disorder are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Army from September 1998 to August 2001, February 2002 to January 2003, February 2003 to February 2004, January 2010 to February 2011, and January 2013 to January 2014. This case comes before the Board of Veterans’ Appeals (Board) on an appeal from a September 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office. The September 2019 rating decision denied service connection for unspecified trauma and stressor disorder (claimed as PTSD); however, in light of Clemons v. Shinseki, 23 Vet. App. 1 (2009), the Board has recharacterized the claim as entitlement to service connection for an acquired psychiatric disorder, to include unspecified trauma and stressor disorder.

Entitlement to service connection for an acquired psychiatric disorder, to include unspecified trauma and stressor disorder

The Veteran contends he is entitled to service connection for an acquired psychiatric disorder, to include unspecified trauma and stressor disorder. 

Service connection may be granted for a disability resulting from disease or injury incurred or aggravated by service. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

The AOJ entered a favorable finding that the Veteran was diagnosed with unspecified trauma and stressor disorder at a May 2019 VA examination. Thus, the current disability is met. See Shedden, 381 F.3d at 1167.

The record shows the Veteran was deployed to Afghanistan from March 2010 to December 2010. He described to the May 2019 VA examiner that during his deployment, there was an attack on base. He also relayed these issues in his January 2011 post-deployment health assessment, where he said that he encountered dead bodies and saw people killed or wounded during his deployment, and that he felt in great danger of being killed himself. The Board finds that the Veteran’s account is competent and credible. The Board finds that the Veteran experienced an in-service event sufficient to satisfy the second element of the claim. See Shedden, 381 F.3d at 1167.

During the Veteran’s May 2019 VA examination, the Veteran claimed that while performing security at Bagram Air Field, in his capacity as military police, there was a mortar attack on base and he saw people dying and things being blown up. He reported suffering anxiety in large crowds, avoiding July 4th parades, being triggered by certain smells, avoiding ground beef as it reminds him of body parts that exploded on him, and exaggerated startled responses. The examiner applied the Veteran’s symptoms to the DSM-5 criteria for PTSD and found that he did not meet the full criteria for a PTSD diagnosis. The examiner, however, did diagnose him with unspecified trauma and stressor disorder and found that the claimed condition was at least as likely as not incurred in or caused by the claimed in-service injury.

The Board finds the VA examiner’s opinion to be adequate and probative. Accordingly, the Board finds that the Veteran’s unspecified trauma and stressor disorder is causally related to his in-service event while deployed to Afghanistan at Bagram Air Field; therefore, service connection for unspecified trauma and stressor disorder is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. 

 

J. B. FREEMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Doerfler, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.